Of Counsel:
NING LILLY & JONES

MICHAEL A. LILLY    1681
STEPHEN A. JONES    2957
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
Email: Michael@nljlaw.com
       SteveJones@nljlaw.com

Special Counsel for Plaintiff
RONALD K. KOTOSHIRODO, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>          Debtor.<br>_____<br><br>RONALD K. KOTOSHIRODO,<br>CHAPTER 7 TRUSTEE<br><br>          Plaintiff<br><br>      v.<br><br>GINA ZAPARA,<br><br>          Defendant.<br>_____ | BK. NO. 06-00898<br>(Chapter 7)<br><br><br><br>ADV. NO. 08-_____<br><br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff RONALD K. KOTOSHIRODO ("Plaintiff" or "Trustee"), Trustee of the above-named Debtor, for his complaint herein states by and through his undersigned attorneys as follows:

1. This is an action to avoid transfers under 11 U.S.C. §§ 544 and 548 and § 547(b), and/or for recovery of the value of such transfers under 11 U.S.C. § 550; and is brought as an adversary proceeding in accordance with Bankruptcy Rule 7001, *et. seq*. This Court has jurisdiction to hear this action under 28 U.S.C. §§ 151, 157(a), 157(b)(2)(E) and (F) and 1334(a), and this is a core matter.

2. On December 8, 2006, James William Lull, also known as James W. Lull (the "Debtor") filed a Voluntary Petition under Chapter 7, in the United States Bankruptcy Court for the District of Hawai`i.

3. Plaintiff was appointed as Bankruptcy Trustee for the Debtor on December 8, 2006 and Notice of Appointment was filed on December 12, 2006.

4. Defendant GINA ZAPARA ("Zapara") is a resident of the State of Hawai`i and was at all material times herein doing business in the State of Hawai`i.

5. During the year preceding the filing of Debtor's Voluntary Petition, Debtor made the following transfers to or for the benefit of Zapara (hereinafter the "Transfers"):

|    | Date     | Amount  | From | To     | Reference     |
|----|----------|---------|------|--------|---------------|
| a. | 12/12/05 | $5,000  | Lull | Zapara | check no. 1002 |

|   |   |   |   |   |   |
|---|---|---|---|---|---|
| b. | 12/20/05 | $10,000 | Lull | Zapara | check no. 1030 |
| c. | *12/23/05* | *$99,925* | *Lull* | *Garden Isle Billiards ("GIB") &* |  |
|    | 12/23/05 | $100,000 | GIB | Zapara | (2 cashier checks) |
| d. | 1/24/06 | $50,000 | Lull | Zapara | (cashier check) |
| e. | 11/16/06 | $5,100 | Lull | "Happyland" Chase Mastercard |  |
|    | **Total:** | **$170,100.00** |   |   |   |

## COUNT I: Avoidance of Preferential Transfers (11 U.S.C. § 547)

6. Plaintiff realleges the allegations in paragraphs 1-5.

7. The above Transfers were made by the Debtor to Zapara or for Zapara's benefit.

8. The Transfers were made during the one year preceding the filing of Debtor's bankruptcy petition, and at all times during that period the Debtor was insolvent. One of the Transfers (Lull's payment of $5,100 on November 16, 2006 to the account of "Happyland", an entity controlled by Zapara), was made within 90 days of the filing of the Debtor's bankruptcy petition.

9. Zapara was an "insider" of the Debtor within the meaning of 11 U.S.C. § 101(31).

10. As a result of these Transfers, Zapara received more than she would have received had such Transfers not been made and she had instead received payment to the extent provided by the provisions of United States Code Title 11 in a case under Chapter 7.

3

11. To the extent that these Transfers were in repayment of an antecedent debt owing by Debtor to Zapara, they constitute preferential transfers which the Trustee is entitled to avoid under 11 U.S.C. § 547(b).

**Count II: Avoidance of Fraudulent Transfers (11 U.S.C. §§ 544 and 548)**

12. Plaintiff realleges the allegations in paragraphs 1-11.

13. To the extent the Transfers to Zapara were not repayments by the Debtor of an antecedent debt owing to Zapara, they were made for non-existent or inadequate consideration, and with actual intent to hinder, delay and defraud Debtor's creditors.

14. Such intent is evidenced by, among other things, the routing of the Debtor's transfer of $100,000 to Zapara on December 23, 2005 (i) through the account of a conduit entity (Garden Isle Billiards) controlled by the Debtor, then (ii) cashiers' checks nominally purchased by such conduit entity.

**Count III: Recovery of Value of Avoided Transfers (11 U.S.C. § 550)**

15. Plaintiff realleges the allegations contained in paragraphs 1-14 above.

16. The Trustee is entitled to recover from Zapara the value of the Transfers pursuant to 11 U.S.C. § 550(a), being $170,100.00.

**Wherefore, Plaintiff Trustee prays for relief as follows:**

1. That the Court avoid the Transfers;

2. That the Court award judgment in favor of the Trustee against Zapara for $165,100.00, together with the Trustee's costs herein and such prejudgment interest as the Court may determine; and

3. That the Court award such other and further relief as it may deem equitable and just.

Dated: Honolulu, Hawai'i _December 5, 2008_.

_____
STEPHEN A. JONES
MICHAEL A. LILLY
Special Counsel for Plaintiff
RONALD K. KOTOSHIRODO
Chapter 7 Trustee